**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Case No. _____**

| | | |
|---|---|---|
| CATHERINE NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANC MISSION HOSPITAL, INC., HCA | ) | |
| HEALTHCARE, INC., JAMIE GOSNELL | ) | **COMPLAINT** |
| JARED ALLEN, MEGAN TIPTON, | ) | *(Jury Demand)* |
| HEATHER MCFARLAND THORP, KRISTIN | ) | |
| TEIGAN, CHRISTOPHER BERRY, KELLY | ) | |
| BRADY, AMANDA CARTER, NINA | ) | |
| MURCHINSON, EVADORA BOYD, | ) | |
| JENNIFER MCFADDEN, TERI CLARK and | ) | |
| CHARLENE ATKINSON. | ) | |
| | ) | |
| Defendants. | ) | |
| | **)** | |

**NOW COMES** the Plaintiff, CATHERINE NICHOLSON ("Plaintiff"), by and

through undersigned counsel, hereby complaining of Defendants as follows:

<u>PRELIMINARY STATEMENT</u>

1.      This is an action to recover money damages arising out of Defendants'

violation of Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e-2, The Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §

623(a)(1),  and in violation of North Carolina public policy as set forth in the North

Carolina Equal Employment Practices Act, N.C. Gen. Stat. Ann.  § 143-422 et seq, the

intentional torts of defamation, civil conspiracy and intentional infliction of emotion

distress, as well as a negligence action in which Plaintiff seeks compensatory damages for Defendants' negligence.

2.      Plaintiff's claims arise out of Defendants' unlawful discrimination against Plaintiff on account of her age and race during her employment with Mission Hospital.

3.      As a result of these incidents, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

4.      Plaintiff has exhausted her administrative remedies in that she filed a charge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 623(a)(1), and N.C. Gen. Stat. § 143-422.2 with the United States Equal Employment Opportunities Commission ("EEOC") through the Civil Rights Division of the North Carolina Office of Administrative Hearings setting forth the facts and circumstances supporting her claims herein and received notice of her right to sue.

5.      This action and all associated claims have been timely brought within the applicable statutes of limitations.

6.      Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other relief as the Court may deem just and proper.

## **PARTIES**

7.      Plaintiff is a natural person and resident of Clark County, Nevada.

8.     Plaintiff was domiciled at all relevant times in Buncombe County, North Carolina.

9.     Defendant ANC MISSION HOSPITAL, INC. is a domestic corporation registered to do business in the State of North Carolina, with a registered office in Wake County, North Carolina.

10.    Defendant HCA HEALTHCARE, INC. is a foreign corporation registered to do business in the State of Delaware, with a registered agent office in New Castle County, Delaware.

11.    Defendant HCA HEALTCARE, INC. has purposefully availed itself of the protection of the laws of North Carolina through its significant contacts with North Carolina.

12.    This Honorable Court has personal jurisdiction over Defendant HCA HEALTHCARE, INC. because all activities complained of in this Complaint are related to Defendant's significant contacts with the State of North Carolina.

13.    Defendant ANC MISSION HOSPITAL, INC. and Defendant HCA HEALTHCARE, INC. own, operate and manage Mission Hospital in Asheville, North Carolina.

14.    Plaintiff was a temporary "employee" of Mission Hospital, as defined by 42 U.S.C. § 2000e(f), and 29 USC § 630(f).

15.    Defendants, as temporary employers of the Plaintiff, are responsible for Defendants wrongdoing to Plaintiff under the special employment doctrine. See Brown v. Friday Servs., Inc., 119 N.C. App. 753, 759-60, 460 S.E.2d 356, 360, disc. review denied,

342 N.C. 191, 463 S.E.2d 234 (1995). <u>See also Henderson v. Manpower of Guilford Cty.,</u> <u>Inc.,</u> 70 N.C. App. 408, 414, 319 S.E.2d 690, 694 (1984) ("Although no express contract existed between [the employee] and [the special employer], an implied contract manifestly did, since they accepted [the employee's] work and were obligated to pay [the temporary employment agency] for it, and [the temporary employment agency] was obligated in turn to pay [the employee]....").

16.    At all times relevant hereto, Defendants were responsible for the policy, practice, supervision, implementation, and conduct of all employee matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all personnel, agents, office holders, supervisors, as well as the individually named employees herein.

17.    In addition, at all times relevant, Defendants were responsible for ensuring that personnel obey the laws of the United States and the State of North Carolina.

18.    Defendant JAMIE GOSNELL was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant JAMIE GOSNELL was, at the time relevant herein, a registered nurse and nurse manager with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant JAMIE GOSNELL is sued in their individual and official capacities.

19.    Defendant JARED ALLEN was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and as such

was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant JARED ALLEN was, at the time relevant herein, a registered nurse with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.. Defendant JARED ALLEN is sued in their individual and official capacities.

20.     Defendant MEGAN TIPTON was, at all times here relevant, temporarily employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant MEGAN TIPTON was, at the time relevant herein, a registered nurse with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant MEGAN TIPTON is sued in their individual and official capacities.

21.     Defendant HEATHER MCFARLAND THORP was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.  and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant HEATHER MCFARLAND THORP was, at the time relevant herein, a registered nurse with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant HEATHER MCFARLAND THORP is sued in their individual and official capacities.

22.     Defendant KRISTIN TEIGHAN was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.  and as

such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant KRISTIN TEIGHAN was, at the time relevant herein, a registered nurse with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant KRISTIN TEIGHAN is sued in their individual and official capacities.

23.     Defendant CHRISTOPHER BERRY was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.  and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant CHRISTOPHER BERRY was, at the time relevant herein, a registered nurse with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant CHRISTOPHER BERRY is sued in their individual and official capacities.

24.     Defendant KELLY BRADY was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.  and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant KELLY BRADY was, at the time relevant herein, a patient care technician with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant KELLY BRADY is sued in their individual and official capacities.

25.     Defendant AMANDA CARTER was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.  and as such was acting in the capacity of an agent, servant and employee of Defendant ANC

MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant AMANDA CARTER was, at the time relevant herein, a patient care technician with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant AMANDA CARTER is sued in their individual and official capacities.

26.     Defendant NINA MURCHINSON was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant NINA MURCHINSON was, at the time relevant herein, a registered nurse with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant NINA MURCHINSON is sued in their individual and official capacities.

27.     Defendant EVADORA BOYD was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant EVADORA BOYD was, at the time relevant herein, a registered nurse and manager with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant EVADORA BOYD is sued in their individual and official capacities.

28.     Defendant JENNIFER MCFADDEN was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant

JENNIFER MCFADDEN was, at the time relevant herein, a registered nurse and manager with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant JENNIFER MCFADDEN is sued in their individual and official capacities.

29.     Defendant TERI CLARK was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant TERI CLARK was, at the time relevant herein, a patient care technician with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant TERI CLARK is sued in their individual and official capacities.

30.     Defendant CHARLENE ATKINSON was, at all times here relevant, employed by Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and as such was acting in the capacity of an agent, servant and employee of Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant CHARLENE ATKINSON was, at the time relevant herein, a staff member with Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. Defendant CHARLENE ATKINSON is sued in their individual and official capacities.

## JURISDICTION AND VENUE

31.     The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon the claims brought under the Constitution and law of the United States of America. The Court also has jurisdiction under 28 U.S.C. § 1343, as this action seeks redress for civil rights violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e-2, the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 623(a)(1), North Carolina public policy as set forth in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. Ann. § 143-422 et seq.

32.　The United States District Court for the Western District of North Carolina has personal jurisdiction because Defendants conducts business in Buncombe County, North Carolina, which is located within this District.

33.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), insomuch as Defendants conducts business within the Western District of North Carolina, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

34.　Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims because those state law claims arise out of the same nucleus of operative fact as the federal claims.

35.　Plaintiff's claims for relief are predicated upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. § 623(a)(1), which authorize actions to redress the deprivation of rights, privileges and immunities secured to the Plaintiff by the laws of the United States, as well as North Carolina law.

36.　Plaintiff's claim for attorneys' fees and costs as well as punitive damages are predicated upon 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1981a, Chapter 1D of the North Carolina General Statutes, and other such federal and state law.

37.     Plaintiff is informed, believes, and therefore alleges that in engaging in the conduct alleged herein, Defendants acted with the intent to deprive Plaintiff of her civil rights, and/or with reckless or callous indifference toward Plaintiff's federally protected rights.

38.     All the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties, and the evidence establishing liability for the causes of action will be similar, and neither issue will predominate nor create confusion for a jury.

## FACTUAL ALLEGATIONS

39.     Plaintiff was a Registered Nurse of multi-cultural descent, identifying as a Black, White, and Native American woman over the age of 40.

40.     Plaintiff was a direct employee of Aya Healthcare, Inc.

41.     Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. contracted with Aya Healthcare, Inc. for Plaintiff to provide nursing services for Mission Hospital, located at 509 Biltmore Avenue, Asheville, North Carolina.

42.     On or about February 5, 2024, Plaintiff commenced her employment at Mission Hospital under a 21-week contract.

43.     During her employment, Plaintiff consistently performed her job duties in a satisfactory and competent manner, as evidenced by her being offered and subsequently signing an additional contract extending her employment with Defendants.

44.     Due to her professional experience and qualifications, Plaintiff was promptly assigned the responsibilities of a Charge Nurse, a leadership position within Mission Hospital's nursing team.

45.     Throughout her employment, Plaintiff was consistently assigned to work every weekend despite her repeated requests for a first-shift schedule. In contrast, Caucasian employees were afforded their preferred schedules, including first-shift assignments, despite similar professional qualifications.

46.     Despite Plaintiff's repeated requests to be assigned to a first-shift schedule, her manager, Defendant JAMIE GOSNELL, denied these requests, stating that first-shift positions were unavailable. However, newly hired Caucasian employees, who were similarly situated, were granted first-shift schedules.

47.     Upon information and belief, these denials were specifically motivated by Plaintiff's race and age.

48.     While performing her duties as Charge Nurse, Plaintiff encountered significant resistance from staff, including instances where staff refused to follow her instructions, resulting in serious understaffing. This treatment was in stark contrast to the conditions faced by her Caucasian counterparts in similar roles, who were not subject to the same level of staff resistance or understaffing.

49.     During this time, Plaintiff was subjected to several incidents of hostility, harassment, and discrimination based on her race and age, including an incident on or about February 9, 2024, where an employee, visibly upset, questioned Plaintiff about her

age and made a remark that Plaintiff "did not look her age," in a hostile manner that suggested resentment and animosity.

50.     Throughout her employment, Plaintiff reported incidents of discrimination and mistreatment with her manager, Ms. Gosnell, on several occasions. Despite these reports, no action was taken to address or rectify the discrimination and mistreatment.

51.     On or about May 2024, Ms. Gosnell dismissed Plaintiff's concerns stating that it was merely a "generational gap."

52.     Additionally, Plaintiff learned that her private conversations with Ms. Gosnell regarding these issues were being discussed by other staff members, violating the hospital's confidentiality policies and contributing to the hostile work environment.

53.     Upon information and belief, Ms. Gosnell's dismissals of Plaintiff's claims and disclosures to other staff members were specifically motivated by Plaintiff's race and age.

54.     On or about July 19, 2025, a patient referred to Plaintiff as a "nigger lover." This incident was escalated by Defendant KRISTIN TEIGAN, a Caucasian Staff Nurse, who further mocked Plaintiff by asking, "Hey, he just called you a nigger lover, Cathy, are you a nigger lover?"

55.     Despite the offensive nature of this incident, Plaintiff refrained from filing a formal complaint due to her previous experience with complaints being dismissed and improperly disclosed by Defendant JAMIE GOSNELL.

56.     On or about May 2024, Plaintiff requested to step down from her duties as Charge Nurse due to the ongoing difficulties. Defendant JAMIE GOSNELL denied this request, citing Plaintiff was the only Charge RN available on weekends.

57.     Despite agreeing to continue in the role, Plaintiff's working conditions continued to deteriorate, and she was subjected to further hostile behavior from the individually named Defendants.

58.     On or about June 14, 2024, Plaintiff filed a Vigilance report regarding the negligence of Defendant JARED ALLEN, a Caucasian male employee, who had left a patient unattended.

59.     This report led to increased tension between Plaintiff and her manager, Defendant JAMIE GOSNELL. After filing the report, Plaintiff experienced an increase in hostility from various individually named Defendants, including Defendant JAMIE GOSNELL, Defendant CHRISTOPHER BERRY, Defendant KRISTIN TEIGHAN, and Defendant JARED ALLEN, and was warned that her actions might be under surveillance.

60.     During that time, Plaintiff was also informed by a colleague that various individually named Defendants, including Defendant JAMIE GOSNELL, Defendant CHRISTOPHER BERRY, Defendant KRISTIN TEIGHAN, Defendant JARED ALLEN, Defendant MEGAN TIPTON, Defendant HEATHER THORP, Defendant NINA MURCHINSON and Defendant TERI CLARKwere discussing the possibility of removing her from Charge Nurse duties and had been discussing a plan to sabotage Plaintiff's career. Upon information and belief, these actions were directly related to

Plaintiff filing the Vigilance report against Defendant JARED ALLEN and raising concerns about discriminatory treatment from the individually named Defendants.

61. On or around July 23, 2024, Plaintiff was informed that she had been terminated from her position at Mission Hospital due to "clinical performance concerns," despite having consistently performed her duties satisfactorily. Upon information and belief, this termination was directly related to Plaintiff filing the Vigilance report against Defendant JARED ALLEN and raising concerns about discriminatory treatment.

62. On or about July 24, 2024, Plaintiff received notice that a complaint had been filed with the North Carolina State Board of Nursing alleging an inappropriate physical and verbal interaction with a patient on or around July 21, 2024. Upon information and belief, several individually named Defendants deliberately and falsely accused Plaintiff of patient abuse, with these false allegations being specifically motivated by Plaintiff's race and age.

63. The individual persons named herein as Defendants fabricated information regarding the alleged abuse, intentionally misleading the investigation and creating a false narrative to damage Plaintiff's reputation and career and erased or altered crucial exculpatory camera footage that would have exonerated Plaintiff.

64. Despite the falsified accusations and manipulation of evidence, the North Carolina State Board of Nursing conducted an investigation into the complaint and concluded that Plaintiff was not at fault, resulting in the dismissal of the matter.

65. The actions of the individually named Defendants were malicious and retaliatory, aimed at punishing Plaintiff for raising concerns about discriminatory

treatment, and were done with the knowledge that Plaintiff's rights would be unjustly violated.

66.     As a direct and proximate result of the acts of Defendants, Plaintiff has suffered the following injuries and damages: violation of her civil rights, lost income, emotional trauma and suffering, including fear, intimidation, embarrassment, humiliation, emotion distress, frustration, extreme inconvenience, anxiety, and harm to reputation.

67.     Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. knew or should have had reason to know of its' employees propensity to violate the civil rights of others, yet failed to appreciate the risk posed to Plaintiff and other employees and further failed to take adequate precautions to prevent the conduct described herein.

68.     Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. were knowingly and deliberately indifferent to the possibility that its employees were wont to violate the civil rights of employees as described herein.

69.     During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Plaintiff and violate her civil rights.

70.     Upon information and belief, the Defendant ANC, Defendant HCA and their respective policymakers, officials or supervisors have approved or acquiesced to policies, customs or patterns and practices within Mission Hospital that resulted in the unlawful harassment, discrimination, and discharge of Plaintiff.

71.     Upon information and belief, Defendant ANC, Defendant HCA and their respective policy makers, officials or supervisors have failed to provide adequate training that resulted in the unlawful harassment, discrimination and discipline of Plaintiff.

## FIRST CAUSE OF ACTION
### *Harassment and Discrimination Creating a Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964 by ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.*

72.     The above paragraphs are incorporated herein by reference as if fully set forth below.

73.     Title VII of the Civil Rights Act of 1964 (Title VII) makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of race or sex. 42 U.S.C. § 2000e–2(a)(1) (2013).

74.     Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.  are employers as defined by 42 U.S.C. § 2000e.

75.     The protections of Title VII of the Civil Rights Act of 1964 extend to situations where employees are required to work in a discriminatorily or abusively hostile environment. Harris v. Forklift Sys., 510 U.S. 17, 21 (1993).

76.     For a Plaintiff to succeed in a hostile work environment claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing

liability on the employer. <u>Bass v. E.I. Dupont de Nemours & Co.,</u> 324 F.3d 761, 765 (4th Cir. 2003) (citing <u>Causey v. Balog,</u>162 F.3d 795, 801 (4th Cir. 1998)).

77.    Plaintiff experienced invidious comments by her coworkers that were not only unwanted but also inappropriate and offensive to her.

78.    These comments were clearly discriminatory, targeting Plaintiff because of her race and age, and were intended to demean and humiliate her.

79.    The harassment was severe and pervasive, as Plaintiff made various reports of experiencing discrimination and mistreatment.

80.    Despite reporting these incidents to her manager, Defendants ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. failed to take appropriate action, and the Plaintiff continued to face mistreatment discrimination and mistreatment, including being assigned undesirable shifts, public disclosure of complaints of discrimination, and colleague discussions and false allegations meant to undermine Plaintiff's professional reputation and career advancement, as well as wrongfully terminate her.

81.    As an actual, proximate, and foreseeable consequence of Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

82.    Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s unlawful conduct constitutes a willful and wanton violation of Title VII of the

Civil Rights Act of 1964, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

83.     Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

84.     Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s failure to address the harassment and discrimination provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

## SECOND CAUSE OF ACTION
***Harassment and Discrimination Creating a Hostile Work Environment in Violation of The Age Discrimination in Employment Act (ADEA) of 1967 by ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.***

85.     The above paragraphs are incorporated herein by reference as if fully set forth below.

86.     The Age Discrimination in Employment Act (ADEA) of 1967 makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of age. 29 U.S.C. § 623(a)(1).

87.     Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.  are employers as defined by 29 USC § 630(b).

88.     The protections of the ADEA extend to situations where employees are

required to work in a discriminatorily or abusively hostile environment. <u>Hartsell v.</u>

<u>Duplex Prods., Inc.,</u> 123 F.3d 766, 772 (4th Cir. 1997).

89.     For a Plaintiff to succeed in a hostile work environment claim under the

ADEA, the Plaintiff must show that "(1) the harassment was unwelcome; (2) the

harassment was based on her race or age; (3) the harassment was sufficiently severe or

pervasive to alter the conditions of employment and create an abusive atmosphere; and

(4) there is some basis for imposing liability on the employer." <u>Id.</u>

90.     Plaintiff experienced invidious comments by her coworkers that were not

only unwanted but also inappropriate and offensive to her.

91.     These comments were clearly discriminatory, targeting Plaintiff because

of her race and age, and were intended to demean and humiliate her.

92.     The harassment was severe and pervasive, as Plaintiff made various reports

of experiencing discrimination and mistreatment.

93.     Despite reporting these incidents to her manager, Defendants ANC

MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. failed to take appropriate

action, and the Plaintiff continued to face mistreatment discrimination and mistreatment,

including being assigned undesirable shifts, public disclosure of complaints of

discrimination, and colleague discussions and false allegations meant to undermine

Plaintiff's professional reputation and career advancement, as well as wrongfully

terminate her.

94.     As an actual, proximate, and foreseeable consequence of Defendants ANC

MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s conduct, Plaintiff has

suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

95.     Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s unlawful conduct constitutes a willful and wanton violation of the ADEA, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

96.     Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

97.     Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s failure to address the harassment and discrimination provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

**THIRD CAUSE OF ACTION**
*Harassment and Discrimination Creating a Hostile Work Environment in Violation of N.C.G.S. § 143–422.2 by ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.*

98.     The above paragraphs are incorporated herein by reference as if fully set forth below.

99.     The North Carolina Equal Employment Practices Act makes it unlawful for an employer to discriminate against any individual with respect to seeking, obtaining, and holding employment because of race, age or sex. N.C.G.S. § 143–422.2.

100.    Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. are employers as defined by N.C.G.S. § 143–422.2.

101.    As a woman of multi-cultural descent, identifying as a Black, White, and Native American woman over the age of 40, Plaintiff is a member of a protected class.

102.    "The North Carolina Supreme Court has explicitly adopted the Title VII evidentiary standards in evaluating a state claim under § 143–422.2 insofar as they do not conflict with North Carolina statutes and case law." Head v. Adams Farm Living, Inc., 242 N.C. App. 546, 554 (N.C. Ct. App. 2015) (citing Johnson v. Crossroads Ford, Inc., 749 S.E.2d 102, 107 (N.C. Ct. App. 2013)).

103.    The protections of Title VII of the Civil Rights Act of 1964 extend to situations where employees are required to work in a discriminatorily or abusively hostile environment. Guthrie v. Conroy, 152 N.C. App. 15, 20 (N.C. Ct. App. 2002).

104.    For a Plaintiff to succeed in a hostile work environment claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998)).

105.    Plaintiff experienced invidious comments by her coworkers that were not only unwanted but also inappropriate and offensive to her.

106.    These comments were clearly discriminatory, targeting Plaintiff because

of her race and age, and were intended to demean and humiliate her.

107. The harassment was severe and pervasive, as Plaintiff made various reports of experiencing discrimination and mistreatment.

108. Despite reporting these incidents to her manager, Defendants ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. failed to take appropriate action, and the Plaintiff continued to face mistreatment discrimination and mistreatment, including being assigned undesirable shifts, public disclosure of complaints of discrimination, and colleague discussions and false allegations meant to undermine Plaintiff's professional reputation and career advancement, as well as wrongfully terminate her.

109. As an actual, proximate, and foreseeable consequence of Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

110. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s unlawful conduct constitutes a willful and wanton violation of N.C.G.S. § 143–422.2, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

111. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

112. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s failure to address the harassment and discrimination provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

### FOURTH CAUSE OF ACTION
*Retaliation and Wrongful Termination in Violation of Title VII of the Civil Rights Act of 1964 by ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.*

113. The above paragraphs are incorporated herein by reference as if fully set forth below.

114. Title VII of the Civil Rights Act of 1964 (Title VII) makes it unlawful for an employer "to discriminate against any of [its] employees ... because [s]he has opposed any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. § 2000e-3(a).

115. Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. are employers as defined by 42 U.S.C. § 2000e.

116. For a Plaintiff to succeed in a retaliation claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that (1) she engaged in some protected activity, (2) the employer took adverse employment action against plaintiff; and (3) that the protected conduct was a substantial or motivating factor in the adverse action (a causal connection existed between the protected activity and the adverse action). Emp't

Sec. Comm'n of N.C. v. Peace, 128 N.C. App. 1, 9, 493 S.E.2d 466, 471 (1997).

117.    Plaintiff engaged in protected activity by filing a complaint regarding workplace discrimination, which was allegedly based on her race, and age. Additionally, the Plaintiff requested to step down from her duties as Charge Nurse to this harassment.

118.    After filing a complaint and requesting to step down from her duties as Charge Nurse to this harassment, Plaintiff continued to face mistreatment, including being assigned undesirable shifts, public disclosure of complaints of discrimination, and colleague discussions and false allegations meant to undermine Plaintiff's professional reputation and career advancement.

119.    But for the Plaintiff's engagement in the protected activity of filing various complaints of discrimination, requesting to step down from her duties as Charge Nurse to due this harassment, and filing a Vigilance report regarding the negligence of a Caucasian male employee, Plaintiff would not have continued to face mistreatment, including being assigned undesirable shifts, public disclosure of complaints of discrimination, and colleague discussions and false allegations  meant to undermine Plaintiff's professional reputation and career advancement.

120.    As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

121.    Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE,

INC.'s unlawful conduct constitutes a willful and wanton violation of Title VII of the

Civil Rights Act of 1964, was outrageous and malicious, was intended to injure Plaintiff,

and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an

award of punitive damages.

122.    Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE,

INC.'s employees, directors, and managers participated in and condoned the malicious,

willful, wanton, and reckless conduct alleged above.

123.    Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE,

INC.'s failure to address the retaliation and wrongful termination provides a basis for

imposing liability, as the employer had notice of the mistreatment and failed to take

corrective measures.

### FIFTH CAUSE OF ACTION
*Retaliation and Wrongful Termination in Violation of The Age Discrimination in Employment Act (ADEA) of 1967 by ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.*

124.    The above paragraphs are incorporated herein by reference as if fully set

forth below.

125.    The Age Discrimination in Employment Act (ADEA) of 1967 makes it

unlawful for an employer to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment because of age. 29 U.S.C.

§ 623(a)(1).

126.    Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE,

INC.  are employers as defined by 29 USC § 630(b).

127.     An ADEA retaliation claim is subject to the same protected activity analysis as the anti-retaliation provision under Title VII of the Civil Rights Act of 1964. Speck v. City of Memphis, 594 F.Supp.2d 905, 923 (W.D.Tenn. 2009).

128.     For a Plaintiff to succeed in a retaliation claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that (1) she engaged in some protected activity, (2) the employer took adverse employment action against plaintiff; and (3) that the protected conduct was a substantial or motivating factor in the adverse action (a causal connection existed between the protected activity and the adverse action). Emp't Sec. Comm'n of N.C. v. Peace, 128 N.C. App. 1, 9, 493 S.E.2d 466, 471 (1997).

129.     Plaintiff engaged in protected activity by filing a complaint regarding workplace discrimination, which was allegedly based on her race, and age. Additionally, the Plaintiff requested to step down from her duties as Charge Nurse to this harassment.

130.     After filing a complaint and requesting to step down from her duties as Charge Nurse to this harassment, Plaintiff continued to face mistreatment, including being assigned undesirable shifts, public disclosure of complaints of discrimination, and colleague discussions and false allegations meant to undermine Plaintiff's professional reputation and career advancement.

131.     But for the Plaintiff's engagement in the protected activity of filing various complaints of discrimination, requesting to step down from her duties as Charge Nurse to due this harassment, and filing a Vigilance report regarding the negligence of a Caucasian male employee, Plaintiff would not have continued to face mistreatment,

including being assigned undesirable shifts, public disclosure of complaints of discrimination, and colleague discussions and false allegations meant to undermine Plaintiff's professional reputation and career advancement.

132. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

133. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s unlawful conduct constitutes a willful and wanton violation of the ADEA, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

134. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

135. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s failure to address the retaliation and wrongful termination provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

**SIXTH CAUSE OF ACTION**
***Retaliation and Wrongful Termination in Violation of N.C.G.S. § 143–422.2 y ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.***

136. The above paragraphs are incorporated herein by reference as if fully set forth below.

137. The North Carolina Equal Employment Practices Act makes it unlawful for an employer to discriminate against any individual with respect to seeking, obtaining, and holding employment because of race, age or sex. N.C.G.S. § 143–422.2.

138. "The North Carolina Supreme Court has explicitly adopted the Title VII evidentiary standards in evaluating a state claim under § 143–422.2 insofar as they do not conflict with North Carolina statutes and case law." Head v. Adams Farm Living, Inc., 242 N.C. App. 546, 554 (N.C. Ct. App. 2015) (citing Johnson v. Crossroads Ford, Inc., 749 S.E.2d 102, 107 (N.C. Ct. App. 2013)).

139. Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. are employers as defined by 42 U.S.C. § 2000e.

140. For a Plaintiff to succeed in a retaliation claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that (1) she engaged in some protected activity, (2) the employer took adverse employment action against plaintiff; and (3) that the protected conduct was a substantial or motivating factor in the adverse action (a causal connection existed between the protected activity and the adverse action). Emp't Sec. Comm'n of N.C. v. Peace, 128 N.C. App. 1, 9, 493 S.E.2d 466, 471 (1997).

141. Plaintiff engaged in protected activity by filing a complaint regarding workplace discrimination, which was allegedly based on her race, and age. Additionally, the Plaintiff requested to step down from her duties as Charge Nurse to this harassment.

142. After filing a complaint and requesting to step down from her duties as Charge Nurse to this harassment, Plaintiff continued to face mistreatment, including

being assigned undesirable shifts, public disclosure of complaints of discrimination, and colleague discussions and false allegations meant to undermine Plaintiff's professional reputation and career advancement.

143. But for the Plaintiff's engagement in the protected activity of filing various complaints of discrimination, requesting to step down from her duties as Charge Nurse to due this harassment, and filing a Vigilance report regarding the negligence of a Caucasian male employee, Plaintiff would not have continued to face mistreatment, including being assigned undesirable shifts, public disclosure of complaints of discrimination, and colleague discussions and false allegations meant to undermine Plaintiff's professional reputation and career advancement.

144. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

145. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s unlawful conduct constitutes a willful and wanton violation of N.C.G.S. § 143–422.2, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

146. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

147.     Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s failure to address the retaliation and wrongful termination provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

## SEVENTH CAUSE OF ACTION
*Disparate Treatment in Violation of Title VII of the Civil Rights Act of 1964 by ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.*

148.     The above paragraphs are hereby incorporated by reference as if fully set forth herein.

149.     Title VII of the Civil Rights Act of 1964 (Title VII) makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of race or sex. 42 U.S.C. § 2000e–2(a)(1) (2013).

150.     Defendants ANC and Defendant HCA are employers as defined by 42 U.S.C. § 2000e.

151.     For a Plaintiff to succeed in a disparate treatment claim under Title VII of the Civil Rights Act of 1964, the Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) she was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. North Carolina Dep't of Correction v. Gibson, 308 N.C. 131, 301 S.E.2d 78, 82-85 (1983).

152.     As a woman of multi-cultural descent, identifying as a Black, White, and Native American woman over the age of 40, Plaintiff is a member of a protected class.

153.     Plaintiff was qualified for her job, having performed the work without ever being written up or receiving a poor evaluation.

154.     Despite Plaintiff's qualifications and satisfactory job performance, Plaintiff was terminated from employment.

155.     Upon information and belief, other employees, particularly those of a different race and/or younger than Plaintiff, were retained under similar circumstances despite comparable job performance.

156.     Upon information and belief, this termination was directly related to Plaintiff filing the Vigilance report against a Caucasian male employee and raising concerns about discriminatory treatment.

157.     As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

158.     Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s unlawful conduct constitutes a willful and wanton violation of Title VII of the Civil Rights Act of 1964, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

159.     Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

160.    Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE, INC.'s failure to address the disparate treatment provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

## EIGHTH CAUSE OF ACTION
### *Disparate Treatment in Violation of The Age Discrimination in Employment Act (ADEA) of 1967 by ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.*

161.    The above paragraphs are hereby incorporated by reference as if fully set forth herein.

162.    The Age Discrimination in Employment Act (ADEA) of 1967 makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of age. 29 U.S.C. § 623(a)(1).

163.    Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.  are employers as defined by 29 USC § 630(b).

164.    For a Plaintiff to succeed in a disparate treatment claim under the ADEA, the Plaintiff must show that (1) her age was at least 40 years; (2) she was meeting her employer's legitimate expectations at the time of the adverse employment action; (3) the employer took adverse employment action against her; and (4) the employer took that adverse employment action under circumstances giving rise to an inference of age discrimination. Gilliam v. Bertie Cnty. Bd. of Educ., No. 2:20-CV-16-D, 2022 WL 843090, at *4 (E.D. N.C. Mar. 21, 2022) (citing O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 310-13 (1996)).

165.    As a woman of multi-cultural descent, identifying as a Black, White, and Native American woman over the age of 40, Plaintiff is a member of a protected class.

166.    Plaintiff was qualified for her job, having performed the work without ever being written up or receiving a poor evaluation.

167.    Despite Plaintiff's qualifications and satisfactory job performance, Plaintiff was terminated from employment.

168.    Upon information and belief, other employees, particularly those of a different race and/or younger than Plaintiff, were retained under similar circumstances despite comparable job performance.

169.    Upon information and belief, this termination was directly related to Plaintiff filing the Vigilance report against a Caucasian male employee and raising concerns about discriminatory treatment.

170.    As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

171.    Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE unlawful conduct constitutes a willful and wanton violation of the Age Discrimination in Employment Act (ADEA) of 1967, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

172.    Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE

INC.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

173.     Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE INC.'s failure to address the disparate treatment provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

## NINTH CAUSE OF ACTION
### *Disparate Treatment in Violation of N.C.G.S. § 143–422.2 by ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.*

174.     The above paragraphs are hereby incorporated by reference as if fully set forth herein.

175.     The North Carolina Equal Employment Practices Act makes it unlawful for an employer to discriminate against any individual with respect to seeking, obtaining, and holding employment because of race, age or sex. N.C.G.S. § 143–422.2.

176.     Defendant ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.  are employers as defined by N.C.G.S. § 143–422.2.

177.     "The North Carolina Supreme Court has explicitly adopted the Title VII evidentiary standards in evaluating a state claim under § 143–422.2 insofar as they do not conflict with North Carolina statutes and case law." Head v. Adams Farm Living, Inc., 242 N.C. App. 546, 554 (N.C. Ct. App. 2015) (citing Johnson v. Crossroads Ford, Inc., 749 S.E.2d 102, 107 (N.C. Ct. App. 2013)).

178.     For a Plaintiff to succeed in a disparate claim pursuant to N.C.G.S. § 143–422.2, the Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for his job and his job performance was satisfactory; (3) she was denied

employment or promotion; and (4) other employees who are not members of the protected class were hired or promoted under apparently similar circumstances. North Carolina Dept. of Correction v. Hodge, 99 N.C. App. 602, 611 (N.C. Ct. App. 1990).

179.    As a woman of multi-cultural descent, identifying as a Black, White, and Native American woman over the age of 40, Plaintiff is a member of a protected class.

180.    Plaintiff was qualified for her job, having performed the work without ever being written up or receiving a poor evaluation.

181.    Despite Plaintiff's qualifications and satisfactory job performance, Plaintiff was terminated from employment.

182.    Upon information and belief, other employees, particularly those of a different race and/or younger than Plaintiff, were retained under similar circumstances despite comparable job performance.

183.    Upon information and belief, this termination was directly related to Plaintiff filing the Vigilance report against a Caucasian male employee and raising concerns about discriminatory treatment.

184.    As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

185.    Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE INC.'s unlawful conduct constitutes a willful and wanton violation of N.C.G.S. § 143–422.2, was outrageous and malicious, was intended to injure Plaintiff, and was done

with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

186. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE INC.'s employees, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

187. Defendants ANC MISSION HOSPITAL, INC.'s and HCA HEALTHCARE INC.'s failure to address the disparate treatment provides a basis for imposing liability, as the employer had notice of the mistreatment and failed to take corrective measures.

## **TENTH CAUSE OF ACTION**
*Defamation Per Se under North Carolina State Law by Defendants Gosnell, Allen, Tipton, Thorp, Teigan, Berry, Brady, Carter, Murchinson, Boyd, McFadden, Clark and Atkinson*

188. The above paragraphs are hereby incorporated by reference as if fully set forth herein.

189. "To be actionable, a defamatory statement must be false and must be communicated to a person or persons other than the person defamed." Andrews v. Elliot, 109 N.C. App. 271, 274 (N.C. Ct. App. 1993) (citing Morrow v. Kings Dep't Stores, Inc., 57 N.C. App. 13, 20, 290 S.E.2d 732, 736, disc. rev. denied, 306 N.C. 385, 294 S.E.2d 210 (1982)).

190. The individual persons named herein as Defendants made false and defamatory statements about Plaintiff, including allegations of patient abuse, which were communicated orally and in writing to third parties, including colleagues and management, with the intention of damaging Plaintiff's reputation.

191.   Said Defendants made false and defamatory statements about Plaintiff, including allegations of patient abuse, which were communicated orally and in writing to the North Carolina Board of Nursing, with the intention of damaging Plaintiff's reputation.

192.   Said defamatory statements made by those individual persons named herein as Defendants were in fact false, as Plaintiff did not engage in any inappropriate behavior with the patient, and the North Carolina State Board of Nursing ultimately dismissed the complaint, finding no fault with Plaintiff's conduct. Said Defendants knew the defamatory statements were false at the time they reported them to the North Carolina Nursing Board and/or others.

193.   The publication of these false statements was done with a reckless disregard for the truth and was intended to harm Plaintiff's reputation and career.

194.   As an actual, proximate, and foreseeable consequence of Defendants Gosnell, Allen, Tipton, Thorp, Teigan, Berry, Brady, Carter, Murchinson, Boyd, McFadden, Clark and Atkinson, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

195.   Said Defendants' unlawful conduct constitutes a willful and wanton violation of N.C.G.S. § 143–422.2, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

# ELEVENTH CAUSE OF ACTION

## *Civil Conspiracy under North Carolina State Law by Defendants Gosnell, Allen, Tipton, Thorp, Teigan, Berry, Brady, Carter, Murchinson, Boyd, McFadden, Clark and Atkinson*

196.     The above paragraphs are hereby incorporated by reference as if fully set forth herein.

197.     For a Plaintiff to succeed in a civil conspiracy claim, the Plaintiff must show "[…] (1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." Strickland v. Hedrick, 194 N.C.App. 1, 19, 669 S.E.2d 61, 72 (2008) (quoting Privette v. University of North Carolina, 96 N.C.App. 124, 139, 385 S.E.2d 185, 193 (1989)).

198.     Upon information and belief, Defendants Gosnell, Allen, Tipton, Thorp, Teigan, Berry, Brady, Carter, Murchinson, Boyd, McFadden, Clark and Atkinson reached an agreement and conspired to harm Plaintiff's professional reputation and career by making false and defamatory statements about Plaintiff, including allegations of patient abuse, to the North Carolina Board of Nursing and/or others, with the intention of damaging Plaintiff's reputation and with the knowledge that said accusations were false.

199.     Upon information and belief, this agreement was in retaliation against Plaintiff for raising concerns about discrimination and filing the Vigilance report.

200.     This agreement was further evidenced by dismissing Plaintiff's complaints of discrimination, violating confidentiality policies by disclosing Plaintiff's

private concerns to other staff, mocking Plaintiff with racial slurs, fabricating false allegations of patient abuse, and manipulating evidence to obstruct justice, all with the intent to harm Plaintiff's reputation and career.

201. These actions, taken together, create a pattern of unlawful conduct aimed at harming Plaintiff.

202. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

203. Said Defendants' unlawful conduct was malicious and/or willful and wanton as defined by Chapter 1D of the North Carolina General Statutes and entitles Plaintiff to an award of punitive damages.

## TWELFTH CAUSE OF ACTION
### *Intentional Infliction of Emotional Distress by Defendants Gosnell, Allen, Tipton, Thorp, Teigan, Berry, Brady, Carter, Murchinson, Boyd, McFadden, Clark and Atkinson*

204. The above paragraphs are incorporated herein by reference as if fully set forth.

205. For a Plaintiff to succeed in an intentional infliction of emotional distress claim, the Plaintiff must show "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." Guthrie v. Conroy, 152 N.C.App. 15, 21, 567 S.E.2d 403, 408 (2002).

206. "A claim for intentional infliction of emotional distress exists `when a

defendant's conduct exceeds all bounds usually tolerated by decent society[.]'" Watson

v. Dixon, 130 N.C. App. 47, 52-53, 502 S.E.2d 15, 19-20 (1998), on reh'g, 132 N.C. App.

329, 511 S.E.2d 37 (1999), aff'd, 352 N.C. 343, 532 S.E.2d 175 (2000) (quoting Stanback v.

Stanback, 297 N.C. 181, 196, 254 S.E.2d 611, 622 (1979)) (defendant engaged in extreme

and outrageous conduct when he "frightened and humiliated [plaintiff] with cruel

practical jokes, which escalated to obscene comments and behavior of a sexual nature, .

. . finally culminating in veiled threats to her personal safety").

207.    The Defendants Gosnell, Allen, Tipton, Thorp, Teigan, Berry, Brady,

Carter, Murchinson, Boyd, McFadden, Clark and Atkinson engaged in conduct that was

extreme and outrageous, including dismissing Plaintiff's complaints of discrimination,

violating confidentiality policies by disclosing Plaintiff's private concerns to other staff,

mocking Plaintiff with racial slurs, fabricating false allegations of patient abuse, and

manipulating evidence to obstruct justice, all with the intent to harm Plaintiff's

reputation and career.

208.    These actions were not isolated incidents, but part of a broader,

coordinated effort to retaliate against Plaintiff for raising concerns about discrimination

and filing the Vigilance report.

209.    As an actual, proximate, and foreseeable consequence of Defendants'

conduct, Plaintiff has suffered lost income, severe emotional distress, loss of reputation,

anxiety, humiliation, expenses, and other damages and is entitled to recover

compensatory damages in an amount to be determined at trial.

210.    Said Defendants' unlawful conduct was outrageous and malicious and/or

willful and wanton, being done with reckless indifference to the rights of the Plaintiff thus entitling Plaintiff to an award of punitive damages.

## THIRTEENTH CAUSE OF ACTION
### *Negligent Infliction of Emotional Distress by Defendants Gosnell, Allen, Tipton, Thorp, Teigan, Berry, Brady, Carter, Murchinson, Boyd, McFadden, Clark and Atkinson*

Pleading in the alternative, Plaintiff alleges and says:

211.    The above paragraphs are incorporated herein by reference as if fully set forth.

212.    For a Plaintiff to succeed in an intentional infliction of emotional distress claim, the Plaintiff must show "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as "mental anguish"), and (3) the conduct did in fact cause the plaintiff severe emotional distress." Johnson v. Ruark Obstetrics, 327 N.C. 283, 304 (N.C. 1990).

213.    Defendants Gosnell, Allen, Tipton, Thorp, Teigan, Berry, Brady, Carter, Murchinson, Boyd, McFadden, Clark and Atkinson engaged in conduct that was negligent, including dismissing Plaintiff's complaints of discrimination, violating confidentiality policies by disclosing Plaintiff's private concerns to other staff, mocking Plaintiff with racial slurs, fabricating false allegations of patient abuse, and manipulating evidence to obstruct justice, all with the intent to harm Plaintiff's reputation and career.

214.    Said Defendants had a duty to act reasonably in their treatment of Plaintiff,

particularly in addressing complaints and maintaining confidentiality, but their actions displayed a disregard for these duties, constituting a breach of said duty.

215. Given that Plaintiff had raised complaints of mistreatment and discrimination, it was reasonably foreseeable that the wrongful disclosure of her confidential concerns and the creation of false accusations would cause emotional harm.

216. Furthermore, Defendants' conduct, such as mocking Plaintiff and subjecting her to racial slurs, as well as creating a hostile work environment, could reasonably result in mental anguish and emotional distress.

217. As an actual, proximate, and foreseeable consequence of Defendants' conduct, Plaintiff has suffered lost income, severe emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

218. Defendants' unlawful conduct constitutes a willful and wanton violation of Plaintiff's civil rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTEENTH CAUSE OF ACTION
### Negligent Hiring, Retention and Supervision under North Carolina State Law by Defendants ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.

219. The above paragraphs are incorporated herein by reference as if fully set forth below.

220. For a Plaintiff to succeed in a negligent employment or retention claim, the Plaintiff must show "(1) the specific negligent act on which the action is founded ...

(2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in "oversight and supervision," and (4) that the injury complained of resulted from the incompetency proved." Medlin v. Bass, 327 N.C. 587, 591, 398 S.E.2d 460, 462 (1990).

221.    Defendants ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. owed a duty of care to Plaintiff to adequately hire, retain and supervise its employees, ensuring that the workplace was free from discriminatory practices and harassment.

222.    Defendants ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. breached that duty of care in failing to adequately hire, retain and supervise its employees, particularly in the context of discriminatory treatment toward Plaintiff.

223.    Defendants' failure to address Plaintiff's concerns regarding discriminatory behavior and its subsequent termination of Plaintiff placed employees in a position where they could inflict foreseeable harm, including harm to Plaintiff's employment and well-being.

224.    Defendants ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. knew or should have known of its employees' propensity for violating the individual rights granted under the laws of the State of North Carolina, prior to the injuries incurred by Plaintiff.

225.    Given Plaintiff's report of discriminatory treatment and the circumstances

surrounding her termination, Defendants ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. knew or should have known of the potential for harm arising from discriminatory behavior and the violation of Plaintiff's individual rights, yet failed to take appropriate corrective action.

226.    Defendants ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. failed to take reasonable measures in hiring, retaining and supervising its' employees that would have prevented the aforesaid injuries to Plaintiff.

227.    Upon information and belief, the ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and their respective policymakers, officials or supervisors have approved or acquiesced to policies, customs or patterns and practices within Mission Hospital that resulted in the unlawful harassment, discrimination, and discharge of Plaintiff.

228.    Upon information and belief, Defendants ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC. and their respective policy makers, officials or supervisors have failed to provide adequate training that resulted in the unlawful harassment, discrimination and discipline of Plaintiff.

229.    As an actual, proximate, and foreseeable consequence of ANC MISSION HOSPITAL, INC. and HCA HEALTHCARE, INC.'s conduct, Plaintiff has suffered lost income, emotional distress, loss of reputation, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests the Court for the following relief:

1. That the Court find the Defendants liable to Plaintiff on all claims asserted.

2. That the Court enter judgment against Defendants in an amount to be determined at trial plus both pre and post judgment interest at the legal rate until paid in full after judgment, the costs of this action and attorneys' fees.

3. That the Plaintiff recover punitive damages.

4. That the Court accepts this verified complaint as an affidavit of the Plaintiff from which to base any motions related to this case.

5. That the Plaintiff recovers any further relief that the Court deems just and proper.

Respectfully submitted this 12th day of March, 2025.

/s/ Alyssa Sanchez Wright
King Law Offices, P.C.
1351 N. Center Street
Hickory, North Carolina 28601
T: (828) 288-3085 ext. 2004
E: asanchez@kinglawoffices.com
NCSB No. 60337

/s/ Nicholas A. White
King Law Offices, P.C.
1351 N. Center Street
Hickory, North Carolina 28601
T: (828) 288-3085 ext. 2004
E: nwhite@kinglawoffices.com
NCSB No. 53661

*ATTORNEYS FOR THE PLAINTIFF*

Case No. _____

| | | |
|---|---|---|
| CATHERINE NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **VERIFICATION** |
| | ) | |
| ANC MISSION HOSPITAL, INC., HCA | ) | |
| HEALTHCARE, INC., JAMIE GOSNELL | ) | |
| JARED ALLEN, MEGHAN TIPTON, | ) | |
| HEATHER THORP, KRISTIN TEIGAN, | ) | |
| CHRISTOPHER BARRY, KELLY BRADY | ) | |
| AMANDA CARTER, NINA MURCHINSON, | ) | |
| EVADORA BOYD, JENNIFER MCFADDEN | ) | |
| TERI CLARK and CHARLENE ATKINSON. | ) | |
| | ) | |
| Defendants. | ) | |

CATHERINE NICHOLSON, being first duly sworn, deposes and says that she is the Plaintiff in the above-captioned matter; that she has read the foregoing Complaint and knows the contents thereof and that the same are true to her own knowledge except as to those matters stated on information and belief, and as to those matters she believes them to be true.

CATHERINE NICHOLSON
*Plaintiff*

STATE OF _Nevada_
COUNTY OF _Clark_

SWORN TO AND SUBSCRIBED BEFORE ME

On this the _11_ day of _March_____, 2025.

Notary Public

My Commission Expires: _08/25/2027_

Wynton W Ward
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 23-2823-01
My Appt. Expires August 25, 2027