# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:25-cv-00076-MR-WCM

| | | |
|---|---|---|
| CATHERINE NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| HCA HEALTHCARE, INC., JAMIE | ) | |
| GOSNELL, JARED ALLEN, MEGAN | ) | |
| TIPTON, HEATHER MCFARLAND | ) | |
| THORP, KRISTEN TILGHMAN, | ) | |
| CHRISTOPHER BERRY, KELLY | ) | |
| BRADY, AMANDA CARVER, NINA | ) | |
| MURCHISON, EVADORA BOYD, | ) | |
| JENNIFER MCFADDEN, TERI CLARK, | ) | |
| and CHARLENE ATKINSON, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants Jared Allen and Megan Tipton's Motion to Set Aside Clerk's Entry of Default Against Jared Allen and Megan Tipton [Doc. 104].

On March 12, 2025, the Plaintiff initiated this action by filing a Complaint asserting employment discrimination claims against Defendant HCA Healthcare, Inc. ("HCA") and tort claims against Defendants Jared Allen, Megan Tipton, and eleven other individual defendants. [Doc. 1]. On

March 26, 2026, almost four months after the Plaintiff's thrice-extended deadline for service, the Plaintiff filed a Certificate of Service by Publication asserting that Defendants Allen and Tipton had been served by March 21, 2026. [Doc. 86]. On June 2, 2026, the Court entered an Order granting in part and denying in part motions to dismiss filed by HCA and the eleven other individual defendants. [Doc. 87]. The Court's Order noted that Defendants Allen and Tipton had not yet made an appearance in this matter, and that no motion concerning the sufficiency of the Plaintiff's purported service by publication or the lack of response by Defendants Allen and Tipton was then before the Court. [Id. at 2]. On June 11, 2026, the Magistrate Judge directed the Plaintiff to make appropriate filings with respect to Defendants Allen and Tipton no later than June 24, 2026. [Doc. 88]. On June 24, 2026, the Plaintiff moved for entry of default against Defendants Allen and Tipton. [Doc. 101]. On June 26, 2026, the Clerk entered default against Defendants Allen and Tipton for failing to plead or otherwise defend against this action. [Doc. 102]. The Plaintiff has not, however, moved for entry of a default judgment against Defendants Allen and Tipton.

On July 16, 2026, Defendants Allen and Tipton filed the instant motion requesting that the Court set aside the default entered against them. [Doc.

104]. On July 30, 2026, the Plaintiff filed a Response in opposition to the instant motion. [Doc. 108].

Rule 55(c) of the Federal Rules of Civil Procedure provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." <u>Payne ex rel. Est. of Calzada v. Brake</u>, 439 F.3d 198, 204-05 (4th Cir. 2006). "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." <u>Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.</u>, 383 F.2d 249, 251 (4th Cir. 1967). Moreover, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413, 417 (4th Cir. 2010).

3

Defendants Allen and Tipton have each filed declarations[1] in support of their motion that they have never been served a copy of the Plaintiff's Complaint or Amended Complaint, and that they did not learn about this action until after the Clerk entered default against them. [Doc. 105-1 at ¶¶ 4-5, 8; Doc. 105-2 at ¶¶ 4-5, 8]. Defendants Allen and Tipton further declare that they live in Austin, Texas and Charleston, South Carolina, respectively, that neither of them read or subscribe to the Johnson City Press wherein the Plaintiff attempted to serve them by publication, and that neither of them saw the Plaintiff's attempt at such service by publication. [Doc. 105-1 at ¶¶ 3, 6; Doc. 105-2 at ¶¶ 3, 6]. Finally, Defendants Allen and Tipton declare that they have not tried to avoid being served, that they have now retained counsel, that they did not engage in the conduct alleged by the Plaintiff, and that they wish to defend themselves against the Plaintiff's claims. [Doc. 105-1 at ¶¶ 7, 9; Doc. 105-2 at ¶¶ 7, 9].

As to the issue of a meritorious defense, Defendants Allen and Tipton contend that they did not make any defamatory statements about the Plaintiff or engage in a civil conspiracy against her, and that the other two claims

---

[1] The Plaintiff contends that the Declarations filed by Defendants Allen and Tipton fail to comply with the North Carolina's requirements for a sworn affidavit. [Doc. 108 at 3-4]. The Declarations, however, state that they are made under penalty of perjury, in full compliance with 28 U.S.C. § 1746. [Doc. 105-1 at 4; Doc. 105-2 at 4]. The Plaintiff's argument, therefore, is not well taken.

4

brought against them have already been dismissed with respect to the individual defendants who were properly served and filed motions to dismiss. [Doc. 105 at 7-8]. Defendants Allen and Tipton further contend that, in light of their meritorious defenses, they would be prejudiced if the entry of default against them remains and they are not given the opportunity to defend against the Plaintiff's claims on the merits. [Id. at 7]. Finally, Defendants Allen and Tipton contend that responsibility for their delay in appearing in this matter rests with the Plaintiff's failure to properly serve them, and that, upon learning of the Plaintiff's claims against them, they quickly retained counsel and filed the instant motion. [Id. at 5-7]. Upon review of the record in this matter and of Defendants Allen and Tipton's Declarations and arguments, the Court concludes that the factors from Payne weigh exclusively in favor of setting aside the default entered against Defendants Allen and Tipton. Accordingly, for good cause shown, the Court will grant the instant motion and set aside the default.

Setting aside the default does not, however, resolve the issue of whether Defendants Allen and Tipton have been properly served. On October 20, 2025, the Plaintiff moved for service by publication on Defendants Allen and Tipton. [Doc. 59]. The Magistrate Judge denied that motion on October 31, 2025. [Doc. 64]. On January 13, 2026, the Plaintiff

filed a renewed motion for service by publication on Defendants Allen and Tipton. [Doc. 79]. The Magistrate Judge denied that motion on February 23, 2026 and directed the Plaintiff to show cause as to why her claims against Defendants Allen and Tipton should not be dismissed. [Doc. 82]. On March 6, 2026, the Plaintiff filed a motion for reconsideration of the Magistrate Judge's denial of the Plaintiff's renewed motion for service by publication. [Doc. 83]. On March 24, 2026, the Plaintiff filed Certificate of Service by Publication asserting that Defendants Allen and Tipton had been served by publication in the Johnson City Press. [Doc. 86]. On March 26, 2026, the Magistrate Judge denied the Plaintiff's motion for reconsideration. [Text-Only Order entered March 26, 2026]. The Magistrate Judge also discharged the show cause Order without expressing an opinion on the sufficiency of the Plaintiff's attempted service by publication. [Id.].

Defendants Allen and Tipton, in their memorandum in support of the instant motion, represent that they only learned about the Plaintiff's lawsuit when counsel for some of the other Defendants in this matter called them and informed them of the Clerk's entry of default. [Doc. 105 at 5]. Defendants Allen and Tipton also declare that they "do not believe [they] have been served with process in this lawsuit." [Doc. 105-1 at ¶ 8; Doc. 105-2 at ¶ 8]. Defendants Allen and Tipton have, however, now retained counsel

and made an appearance in this matter. Accordingly, the Court will direct Defendants Allen and Tipton to take any appropriate actions to defend against this action within twenty-one days of entry of this Order.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendants Allen and Tipton's Motion to Set Aside Clerk's Entry of Default Against Jared Allen and Megan Tipton [Doc. 104] is hereby **GRANTED**. The Clerk's Entry of Default [Doc. 102] against Defendants Allen and Tipton is hereby **SET ASIDE**.

**IT IS FURTHER ORDERED** that Defendants Allen and Tipton are hereby **DIRECTED** to take any appropriate actions to defend against this action within **twenty-one (21)** days of entry of this Order.

**IT IS SO ORDERED**.

Signed: August 3, 2026

Martin Reidinger
Chief United States District Judge

7